UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RITZ HOTELS SERVICES, LLC,

Plaintiff,

v.

BROTHERHOOD OF AMALGAMATED TRADES LOCAL UNION 514 and JOSHUA GOTTLIEB, individually and in his official capacity,

Defendants.

Civ. No. 2:18-15400

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court upon Defendants Brotherhood of Amalgamated Trades Local Union 514's and Joshua Gottlieb's motion to dismiss. ECF No. 12. The Court decides the matter on the papers without need for oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the motion is **GRANTED**.

**I.   BACKGROUND**[1]

In motions to dismiss, the Court accepts as true all plausible allegations and draws all reasonable inferences in the plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

This case is about a labor dispute between Plaintiff Ritz Hotels Services, LLC ("Ritz") and Defendants Brotherhood of Amalgamated Trades Local Union 514 ("Local 514") and its president, Joshua Gottlieb ("Gottlieb") (together, the "Union"). An employer, Ritz provides commercial laundry services. Compl. ¶ 6, ECF No. 1. Local 514 is a labor union representing workers. *Id.* ¶ 4. Gottlieb is Local 514's president. *Id.* ¶ 5.

In August 2018, the Union began organizing Ritz's employees at Ritz's business to join Local 514. *Id.* ¶ 8. On September 11, 2018, the Union filed a petition with the National Labor Relations Board ("NLRB") seeking to represent Ritz employees. *Id.* ¶ 9. On September 24, 2018, the Union withdrew the petition. *Id.* ¶ 10.

---

[1] In motions to dismiss, a court may consider a document referenced in the complaint if the document is central to the plaintiff's claims and its authenticity is not in question. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court thus considers the documents attached as exhibits in the parties' motion papers.

1

On or about September 21, 2018, the Union began an informational campaign informing Ritz hotel customers that "[Ritz] has committed numerous unfair labor practices in response to unionization efforts by their employees." Union's Aff., Ex. B at 1, ECF No. 14; Compl. ¶ 14. The Union publicized the labor dispute in handing out a flyer to Ritz customers and inflating a rat balloon. Union's Aff., Ex. B at 2; Compl. ¶ 17. The flyer contained language that read, "Ritz Hotel Services has committed numerous unfair labor practices against their hardworking employees!" *Ibid.* The flyer also contained a statement urging hotel guests to tell their hotel management they would stop doing business with them until Ritz resolved the labor dispute. Union's Aff., Ex. B at 2; Compl. ¶ 16. On October 4, 2018, the Union published the flyer on Facebook.com. Compl. ¶ 18. During protests, the Union inflated rat balloons in front of Ritz hotel customers and put up signs reading, "Ritz laundry is unfair to labor!" *Id.* ¶ 19. On October 19, 2018, Ritz lost one of its customers. Compl. ¶¶ 20, 39, 46. Ten days later, Ritz filed this action.

Before and during the Union's organizing campaign, between September and December 2018, the Union filed unfair labor practice charges with the NLRB. *Id.* ¶ 12; Union's Aff., Ex. A ("NLRB Charges").[2] Ritz resolved the matter when the NLRB approved both withdrawing the charges in December 2018 and entered a settlement agreement the following month. Pl.'s Cert. of Counsel, Ex. A at 2 (NLRB Withdrawal of Charges), Ex. B at 4–6 (NLRB Decision Approving Settlement), 8–9 ("Settlement Agreement"), ECF No. 15-2. The Settlement Agreement contained a "non-admissions clause" which read in full: "By entering into this Settlement Agreement, [Ritz] does not admit that it has violated the [NLRA]." *Id.*, Ex. B at 9.

Ritz filed this action while the NLRB Charges remained pending before the NLRB. The claims alleged in the Complaint fall into two categories. Counts I through IV contain claims of defamation, defamation per se, false light invasion of privacy, and trade libel. Compl. ¶¶ 22–41. Counts V through VII contain contains allegations grounded in tortious interference with contract, contractual relations, and prospective economic advantage. *Id.* ¶¶ 42–67. The Union's motion to dismiss followed. ECF No. 12.

## II. LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Questions of subject matter jurisdiction may be raised at any time in the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). When analyzing a factual attack motion to dismiss for lack of subject matter jurisdiction, the court may look beyond the pleadings. Normally, in analyzing

---

[2] The Union's basis of the NLRB Charges referenced violations of Sections 7 and 8 of the National Labor Relations Act ("NLRA"). Specifically, Ritz interfered, restrained, and coerced its employees who exercised their NLRA rights in promising better working conditions if they declined Union representation; Ritz inflated its number of employees which was intended to evade the Union's election process; and certain Ritz management employees told Union officials, in front of Ritz employees, that no employees would sign a union card. *Id.* at 1–7.

2

Rule 12(b)(1) factual attacks, "no presumptive truthfulness attaches to plaintiff's allegations." *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) (citation omitted). But "[i]f the defendant raises no challenge to the facts alleged in the pleadings, the court may rule on the motion by accepting the allegations as true." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000), *modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003) (discussing *Int'l Ass'n of Machinists & Aerospace Workers*, 673 F.2d at 711).

### III. DISCUSSION

The Union seeks dismissal of all claims on two main fronts. First, Union argues Sections 7 and 8 of the NLRA preempts Ritz's claims based on established labor law preemption doctrine set forth in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) ("*Garmon*" preemption). Union's Br. 3, 7, ECF No. 13. Union further contends that, under the NLRA, Ritz cannot escape preemption on the defamation claims because it cannot show how the Union acted with malice when publishing the alleged defamatory statements. *Id.* at 7–11. And Union argues *Garmon* preemption compels dismissing the tortious interference claims because Ritz failed pleading that the Union used violence or threats of violence during its labor protest. *Id.* at 11–12. Ritz disagrees, arguing the NLRA and *Garmon* affords the Union's conduct no protection because the Union made "knowingly false statements" in its published flyer, which caused one customer to terminate its contract with Ritz. Pl.'s Opp'n Br. 8–12, ECF No. 15.

*Garmon* preemption "protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicates protected concerted activity under section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under section 8 of the NRLA, the cause of action is preempted." *Voilas v. General Motors Corp.,* 170 F.3d 367, 378 (3d Cir. 1999); *Garmon*, 359 U.S. at 242–44; *see Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 395 (1986) (explaining the word "arguably" as used in *Garmon* means the party asserting preemption must show "his case is one that the [NLRB] could legally decide in [the suing employee's] favor").

Sections 7 and 8 of the NLRA are at play here. Section 7 guarantees employees the right "to self-organization, to form, join, or assist labor organizations, . . . and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. Section 8 bars an employer from committing unfair labor practices, such as interfering with employees who exercise their Section 7 rights. *Id.* § 158.

But conduct that actually or arguably falls under Sections 7 or 8 may escape NLRB's primary jurisdiction if the claim "touche[s] interests so deeply rooted in local feeling and responsibility." *Garmon*, 359 U.S. at 243–44. Examples include claims involving violence or threats of violence, *id.* at 247 (citations omitted), and malicious libel against unions, *Linn v. United Plant Guard Workers of America*, 383 U.S. 53, 62, 65 (1966) (adopting the "actual malice" standard used for defamation claims announced in *New York Times Company v. Sullivan*, 376 U.S. 254, 280 (1964), which defined actual

3

malice as making a statement "with knowledge that it was false or with reckless disregard of whether it was false or not"). Further, as to defamation claims, a finding of actual malice compels showing the defaming party "entertained serious doubts as to the truth of his publication," *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968), or had actual knowledge of a false statement or acted with reckless disregard for a statement's falsity while having a "high degree of awareness of . . . probable falsity," *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964).

Here, Ritz contends the Union acted with malice while conducting its organizing activity, which caused a loss of business when one customer terminated its contract. But the Union's actions show the challenged conduct arguably falls within the jurisdiction of the NLRB. The Union alleged in the NLRB Charges that Ritz interfered with the Union's informational campaign when Ritz promised better working conditions if Ritz employees declined Local 514 representation, inflated the number of employees with the intent to thwarting a union election, and Ritz management employees asserted that no Ritz employees would join Local 514. Union's Aff., NLRB Charges at 1–7. Even though the NLRB Charges were eventually withdrawn and Ritz entered the Settlement Agreement with a non-admissions clause, the basis for the NLRB Charges showed that the Union's alleged conduct arguably fell within Sections 7 and 8 of the NLRA. *See Bergen Medical v. Health Allied Emps.*, Civ. No. 05-2596, 2005 WL 3216549, at *6 (D.N.J. Nov. 29, 2005) (citing *In re Sewell*, 690 F.2d 403, 408 (4th Cir. 1982)). In all, the Union sought to persuade Ritz employees to join Local 514 and exerted economic pressure on Ritz customers. Such conduct is entitled to protection under the NLRA. *See Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 279 (1974) (finding a libel law claim preempted under *Linn* when the union plaintiff's published statements were made "during the course of union organizing efforts, which is arguably relevant to that organizational activity").

Ritz also fails to plead facts putting the defamation claims within the narrow exceptions to *Garmon* preemption. The allegations here fail to show how the Union's challenged statements were made with actual malice. The Union used a rat balloon and published its flyer with the unfair labor practice statements in September and October 2018; Ritz settled the NLRB Charges in January 2019. It thus does not follow that while NLRB Charges were pending, the Union published statements during its informational campaign with a knowing falsehood or a high degree of probably falsity. *See Old Dominion Branch No. 496*, 418 U.S. at 279. Thus, *Garmon* preempts Ritz's defamation claims.[3]

*Garmon* preemption also applies to Ritz's tortious interference claims. Precedent shows a party alleging tortious interference based on the same conduct underlying a

---

[3] Ritz premises its false light invasion of privacy claim upon the same conduct found insufficient to support actionable defamation here. It is "illogical for conduct that is held not to constitute actionable defamation nevertheless to be relied on to sustain a different cause of action based solely on the consequences of that alleged defamation." *LoBiondo v. Schwartz*, 733 A.2d 516, 531 (N.J. Super. Ct. App. Div. 1999). Thus, Ritz's false light claim misses the mark.

4

defamation claim must show actual malice. *Compuware Corp. v. Moody's Inv'rs Servs., Inc.*, 499 F.3d 520, 530 (6th Cir. 2007) (citing cases in support that the actual malice standard imposed on a defamation claim "must be equally met for a tortious interference claim based on the same conduct or statements"). Ritz has failed to allege actual malice. Moreover, the claims fall outside the recognized *Garmon* exception for claims based on violence because the allegations lack any indication the Union's conduct was marked by violence and imminent threats to the public order. *See Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. and Constr. Trades Council*, 485 U.S. 568, 583–84 (1988) (holding the NLRA poses no bar on "peaceful handbilling, unaccompanied by picketing, urging a consumer boycott of a neutral employer"); *Tucker v. City of Fairfield*, 398 F.3d 457, 462 (6th Cir. 2005) ("[T]here is no question that the use of a rat balloon to publicize a labor protest is constitutionally protected expression within the parameters of the First Amendment."). Instead, the allegations show the Union conducted a peaceful labor protest intended to exert economic pressure on Ritz hotel customers. That is constitutionally protected conduct. *See Cellco P'ship v. Commc'n Workers of Am.*, Civ. Action No. 02-5542, 2003 WL 25888375, at *12 (D.N.J. Dec. 11, 2013) (citing *Beverly Hills Foodland, Inc. v. UFW*, 39 F.3d 191, 197 (8th Cir. 1994), with approval in dismissing tortious interference counts alleging malice when the challenged conduct stemmed from a labor dispute); *Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578*, 712 F. Supp. 1174, 1178 (D.N.J. 1989) (finding, under the NLRA, union-organized "strikes, boycotts, picketing, and appeals to consumers" against a neutral employer did not constitute malicious libel and tortious interference). Thus, with no actionable defamation here and absent allegations of threats of or actual violence, Ritz cannot sustain the tortious interference claims. *See Compuware Corp.*, 499 F.3d at 530. Accordingly, *Garmon* preemption sweeps away Ritz's claims.

## IV.  LEAVE TO AMEND

Ritz requested leave to amend if the Court found a claim deficient. District courts must allow an opportunity to replead "unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). The Court will thus permit Ritz an opportunity to cure the defamation and tortious interference claims against the Union.

## V.  CONCLUSION

Based on the foregoing, the Union's motion to dismiss is **GRANTED**. Ritz's Complaint is **DISMISSED without prejudice**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: June 27, 2019**