UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| RITZ HOTELS SERVICES, LLC, |
| Plaintiff, |
| v. |
| BROTHERHOOD OF AMALGAMATED TRADES LOCAL UNION 514, *et al.* |
| Defendants. |

Civ. No. 2:18-15400

OPINION

### WILLIAM J. MARTINI, U.S.D.J.

This matter arises out of a labor dispute between Plaintiff Ritz Hotels Services, LLC ("Plaintiff") and Defendants Brotherhood of Amalgamated Trades Local Union 514 ("Local 514") and its president, Joshua Gottlieb (with Local 514, "Defendants"). The matter comes before the Court upon Defendants' motion to dismiss for lack of subject matter jurisdiction. ECF No. 23. For the reasons set forth below, the motion is **GRANTED**.

## I. BACKGROUND

The facts of this case are set forth in the Court's June 28, 2019 opinion ("June Opinion"), familiarity with which is assumed. ECF No. 18. In short, while Defendants attempted to organize Plaintiff's employees into Local 514, they published statements accusing Plaintiff of "commit[ing] numerous unfair labor practices." Amend. Compl. ¶ 13, ECF No. 20 ("AC") (emphasis omitted). As a result, Plaintiff sued for defamation (Count 1), defamation per se (Count Two), false light invasion of privacy (Count Three), trade libel (Count Four), tortious interference with contract (Count Five), tortious interference with contractual relations (Count Six), and tortious interference with prospective economic advantage (Count Seven).

In the June Opinion, the Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction but provided Plaintiff with leave to amend its complaint. *Id.* Plaintiff filed the AC on July 15, 2019. Now before the Court is Defendant's second motion to dismiss pursuant to FRCP 12(b)(1). ECF No. 23; Def. Mem. in Support, ECF No. 26 ("Def. Mem.").

## II. DISCUSSION

### A. Legal Standard

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack. The former challenges subject matter jurisdiction without disputing the facts alleged in the complaint." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Courts "accept the Plaintiffs' well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the Plaintiffs' favor." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). In contrast, factual challenges attack "the factual allegations underlying the complaint's assertion of jurisdiction." *Davis*, 824 F.3d at 346 (cleaned up).

1

Here, Defendants appear to launch both facial and factual attacks on the Court's subject matter jurisdiction. While Defendants regurgitate the Court's previous articulation of the legal standard for a facial attack and cite to outside evidence, *see* Def. Mem. at 5, 12, most of Defendants' argument relates to deficiencies in the AC, *id.* at 10-12. Thus, the Court will analyze both the facial and factual sufficiency of its subject matter jurisdiction.

### B.   *Garmon* Preemption Generally

Defendants move to dismiss for lack of subject matter jurisdiction because the Court's jurisdiction is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and the claims are subject to the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). Pursuant to *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959), "if a cause of action implicates [Section 7 or 8] of the NLRA, the cause of action is preempted" (hereinafter, "*Garmon* Preemption"). *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 378 (3d Cir. 1999). Thus, state "causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by [Sections 7 or 8]." *Id.*

As the Court previously explained, the conduct at issue here "arguably falls within the jurisdiction of the NLRB." June Op. at 4. Defendants "sought to persuade [Plaintiff's] employees to join Local 514 and exerted economic pressure on [Plaintiff's] customers. Such conduct is entitled to protection under the NLRA." *Id.* Thus, *Garmon* Preemption applies. *Id.*

### C.   Exceptions to *Garmon* Preemption

*Garmon* Preemption is not unlimited. As the Court previously explained, "conduct that actually or arguably falls under Sections 7 or 8 may escape NLRB's primary jurisdiction if the claim touches interests [] deeply rooted in local feeling and responsibility. Examples include claims involving violence or threats of violence[] and malicious libel." *Id.* at 3 (cleaned up). Thus, for a defamation claim to escape *Garmon* Preemption, plaintiffs must allege defendants acted with malice. *Id.* Further, other causes of action predicated on allegedly defamatory statements require the same level of culpability as direct defamation claims. *See Compuware Corp. v. Moody's Inv'rs Servs., Inc.*, 499 F.3d 520, 529-30 (6th Cir. 2007) (discussing tortious interference and breach of contract claims). Accordingly, a party asserting tortious interference or other claims based on allegedly defamatory statements must similarly demonstrate actual malice to avoid *Garmon* Preemption. *See* June Op. at 4-5.

Here, all of Plaintiff's claims are predicated on the same conduct as the defamation counts and there are no allegations of violence. *See* Opp. at 12, ECF No. 27 ("[A]ll of Ritz's claims are based upon the Union's malicious and defamatory statements, which it knew or should have known were patently false."). Thus, for *Garmon* Preemption to be inapplicable, Plaintiff must sufficiently allege Defendants acted with malice in making the statements at issue.

### D.   Malice

To act with malice in a defamation context, the speaker must have "entertained serious doubts as to the truth of his publication or had actual knowledge of a false statement or acted with reckless disregard for a statement's falsity while having a high degree of awareness of probable falsity." June Op. at 4 (cleaned up). Defendants argue that (1) Plaintiff failed to sufficiently allege actual malice and (2) facts outside the AC demonstrate a lack of actual malice.

2

### 1. *Facial Attack: Allegations of Malice in the Amended Complaint*

The Court previously held that Plaintiff failed to allege Defendants acted with actual malice and provided leave to amend for Plaintiff to cure the deficiency. June Op. at 4-5. Beyond adding additional details of lost contracts, the AC remains largely identical to the original Complaint. Amended allegations relevant to Defendants' malice—i.e., knowledge of the statements' falsity—are limited to paragraphs 9-14 of the AC. *Compare* AC, *with* Compl. In sum, the AC alleges Defendants knowingly filed four unjustified unfair-labor-practice charges against Plaintiff. AC ¶ 9. Defendants allegedly knew the charges were baseless because they voluntarily withdrew three and the NLRB refused to issue a complaint on the fourth. AC ¶¶ 10-11. Notwithstanding Defendants' alleged knowledge that Plaintiffs did not commit *any* unfair labor practices, Defendants published statements accusing Plaintiff of "numerous" unfair practices. AC ¶¶ 12-14.

Defendants argue the AC "does not plead any facts that demonstrate that the Defendants acted with malice. The only change that the Plaintiff made to the complaint was to add a conclusory assertion that the Defendants knew the statements were false when published." Def. Br. at 11. Thus, Defendants argue, "[i]n accordance with *Iqbal* and *Twombly*, this Court must [] find that the Plaintiff failed to plead malice." *Id.* at 12.

Under the federal rules, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b). "Although conditions of a person's mind may be alleged generally, the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012); *Berkery v. Gudknecht*, 17-cv-5574, 2018 WL 3549228, at *3 (E.D. Pa. July 24, 2018) (collecting cases).

Here, the facts alleged nudge Plaintiff's general allegation of malice into the plausible realm. Plaintiff accuses Defendant of filing knowingly baseless unfair labor charges against Plaintiff. AC ¶¶ 9-10. Plaintiff supports that allegation with the fact that Defendants withdrew three of the complaints and the NLRB refused to issue a complaint on the fourth. AC ¶¶ 10-11. While not particularly *strong* evidence, based on those alleged facts, it is *plausible* that Defendants knew their accusations that Plaintiff "committed numerous unfair labor practices" were untrue. *E.g.*, AC ¶ 13 (emphasis omitted).[1] Accordingly, Defendants' facial challenge to the Court's jurisdiction is **DENIED**.

### 2. *Factual Attack: Outside Evidence of Malice*

As to their factual attack, Defendants argue "Mr. Gottleib's affirmation sets forth facts that show the Defendants did not know the statements were false." Def. Br. at 12 (citing Gottlieb Aff., ECF No. 3). Defendants further point to a settlement between the NLRB and Plaintiff that purports to "remedy the violations established by [the NLRB's] investigation." ECF No. 24-3 ("Settlement"). Thus, Defendant argues, "there is absolutely no basis for the Plaintiff to allege

---

[1] Defendants complain that "Plaintiff is making the same argument that it raised in the first motion to dismiss." Reply at 3, ECF No. 29. But the original complaint did not contain the allegations that Defendants filed the unfair labor charges "without any justification," knew the charges were baseless, and voluntarily withdrew three of them. Compare AC ¶¶ 9-10, *with* Compl. ¶¶ 9-14.

3

that the Defendants knew that they made false statements." Def. Br. at 13. Plaintiff's respond with a certification from the company manager, Mark Segal, purportedly refuting Mr. Gottlieb's assertions. Pl. Opp. at 9 (citing Segal Cert, ECF No. 27-1).

In a factual attack on the Court's subject matter jurisdiction, plaintiffs bear the "burden of proof that jurisdiction does in fact exist." *Davis*, 824 F.3d at 346 (cleaned up).

> If the defendant contests any allegations in the pleadings, by presenting evidence, the court must permit the plaintiff to respond with evidence supporting jurisdiction. The court may then determine jurisdiction by weighing the evidence presented by the parties. However, if there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination.

*Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000) *modified in irrelevant part by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). Defendants cannot "automatically insure a favorable verdict by testifying that he published with a belief that the statements were true. The finder of fact must determine whether the publication was indeed made in good faith." *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968).

Here, the parties submit conflicting affidavits, both generally supporting their positions. Gottlieb Aff. ¶¶ 4, 8, 14, Segal Cert. at 2-4 (headers). They specifically disagree on whether Ritz management surveilled employees or threatened deportations in violation of the NLRA. Gottlieb Aff. ¶¶ 12-13; Segal Cert. ¶ 14-21. Gottlieb also swears that multiple unnamed witnesses reported NLRA violations. Gottlief Aff. ¶ 12.[2] Defendants also submit a settlement agreement between the NLRB and Plaintiff, arguing it establishes their statements' veracity. *See* Gottlieb Aff. Ex. C, ECF No. 24-3 ("Settlement"). A cover letter states that the Settlement "appears to remedy the violations established by [the NLRB's] investigation." Settlement at 1. Plaintiff points out that the Settlement includes a non-admission clause, *id.* at 4, and the NLRB explicitly rejected Local 514's request to remove it, *see* Giacobbe Certif., Ex C at 1, ECF No. 27-9. Further, the NLRB refused to issue a complaint in the matter. *Id.* However, in the same letter refusing to issue a complaint, the NLRB called Defendants' allegations "meritorious." *Id.*

Given that the NLRB found some of Defendants' allegations meritorious (even if Plaintiff did not admit wrongdoing), the Court is convinced Defendants did not falsely accuse Plaintiff of multiple unfair labor practices with malice. "Malice" here means the speaker entertained serious doubts as to the truth of his publications, had actual knowledge of falsity, or acted with reckless disregard for the statement's falsity with a high degree of awareness of its probable falsity. June Op. at 4 (cleaned up). While truth is a separate defense to defamation claims, no reasonable fact finder could conclude Defendants issued the later-*confirmed* accusations with knowledge of their *falsity* or reckless disregard for it. *See id.* In other words, while the parties submit conflicting evidence regarding some specific NLRA violations, there is no dispute that the NLRB found some of Defendants' accusations meritorious. Accordingly, Defendants did not act with "malice"—as defined in the defamation context—by broadcasting their belief that Plaintiff had

---

[2] The Court will not rule for Defendants on that basis, as Plaintiff has no reasonable opportunity to respond to the unnamed accusers.

4

committed numerous violations. The material fact here is Defendants' state of mind when publishing the statements at issue. Plaintiff fails to reasonably dispute that Defendants *believed* Plaintiff had committed numerous violations, even crediting Segal's denial of specific types of misconduct. *See* Segal Cert. ¶¶ 4-21. Headers in Segal's certification that Defendants "knew or should have known" that Plaintiff did not commit various violations are insufficient to meet Plaintiff's burden and do not create an issue of material fact. *See Gould Elecs.*, 220 F.3d at 177. Accordingly, Defendants' factual challenge is **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss for lack of subject matter jurisdiction, ECF No. 23, should be **GRANTED**. An appropriate order follows.

**Date: September __, 2019**         **WILLIAM J. MARTINI, U.S.D.J.**